**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Joseph E. Frontzak | ) | Bankruptcy No. 08 B 08580 |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge A. Benjamin Goldgar |
| | ) | |

To:    See Attached List

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **June 1, 2009,** at the hour of 10:00 A.M., or as soon thereafter as counsel may be heard, I shall appear before the honorable A. Benjamin Goldgar in Courtroom 613 of the United States Bankruptcy Court, 219 S. Dearborn St., Chicago, Illinois, or any other judge sitting in his place and stead, and shall then and there present the attached **Motion for Entry of Final Decree**, a copy of which is hereby served upon you.  You may appear if you so choose.

>David P. Lloyd
>Grochocinski, Grochocinski and Lloyd, Ltd.
>1900 Ravinia Place
>Orland Park IL  60462
>(708) 226-2700
>Fax:  (708) 226-9030

## CERTIFICATE OF SERVICE

   I, David P. Lloyd, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice where indicated, or by first class mail by depositing with the United States Postal Service, Orland Park, Illinois, postage prepaid, prior to 5:00 P.M., this 14th day of May, 2009.


>     /s/ David P. Lloyd
>         David P. Lloyd

**Joseph E. Frontzak**
**08 B 08580**
**Service List**

**U.S. Trustee**
USTPRegion11.ES.ECF@usdoj.gov

**Michael L. Sherman**
shermlaw1@aol.com

**Rachael A. Stokas**
ND-Two@il.cslegal.com

**Mary Ann C. Lyons**
Zenoff & Zenoff Chartered
maclyons@zenoffandzenoff.com

B.J. Maley
Codilis & Associates, P.C.
15 W 030 North Frontage Rd.
Suite 100
Burr Ridge IL  60527

| | | |
|---|---|---|
| American Express Gold Customer Service<br>P. O. Box 981535<br>El Paso, TX 79998-1535 | Bank of America<br>P. O. Box 15184<br>Wilmington, DE 19850-5184 | Bank of America<br>P. O. Box 15027<br>Wilmington, DE 19850-5027 |
| Chase Merriott Visa<br>P. O. Box 15298<br>Wilmington, DE 19850-5298 | Citi Cards<br>P. O. Box 6000<br>The Lakes, NV 89163-6000 | Discover Card<br>P. O. Box 30943<br>Salt Lake City, UT 84130 |
| HMM Pallets<br>3344 South Lawndale Avenue<br>Chicago, IL 60623-5006 | LaSalle Bank, N. A.<br>135 South LaSalle Street<br>Chicago, IL 60603 | P&R Pallets<br>c/o Teller, Levit & Silvertrust, P. C.<br>11 East Adams Street<br>Chicago, IL 60603 |
| Sears Card<br>P. O. Box 6924<br>The Lakes, NV 88901-6924 | Washington Mutual Bank<br>Attention:  Small Business Lending<br>HOU-1319, 3200 SW Freeway<br>Houston, TX 77027-7528 | Wells Fargo Business Direct<br>P. O. Box 348750<br>Sacramento, CA 95834 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Joseph E. Frontzak | ) | Bankruptcy No. 08 B 08580 |
| | ) | Chapter 11 |
| Debtor | ) | Judge A. Benjamin Goldgar |
| | ) | |

**MOTION FOR ENTRY OF FINAL DECREE**

NOW COMES the Debtor, Joseph E. Frontzak, by and through his attorneys, Grochocinski, Grochocinski and Lloyd, Ltd., and moves this honorable Court for entry of a final decreee in this confirmed Chapter 11 case, and in support thereof states as follows:

1. The Debtor filed a voluntary Chapter 11 petition on April 9, 2008. The Debtor's Plan was confirmed on January 12, 2009. The Plan provides for payment of a 5% dividend to general unsecured creditors over a five-year period, and modification of certain secured claims that will be paid over a longer period, up to 30 years.

2. Administrative claims that have been allowed by the Court have been paid or otherwise resolved.

3. The initial payment to general unsecured creditors has been made pursuant to the confirmed Plan.

4. Evidence of the payments of the above are set forth on the attached exhibit.

5. Said payments constitute substantial consummation of the confirmed Plan and this case should now be closed.

6. Pursuant to Section 1141(d)(5)(A) of the Bankruptcy Code, the Debtor will not be entitled to a discharge until completion of all payments under the Plan. However, judicial economy

will not be served by keeping this case open until the five-year period for paying general unsecured claims has passed. In addition, the Debtor should not be required to make quarterly payments to the United States Trustee during the five-year period, in which no action will be required by the Debtor, the Court, or the United States Trustee.

      7. The Debtor has provided for payments beyond the five-year term of the Plan to certain secured creditors. Given that no reasonable interpretation of Section 1141(d)(5)(A) would contemplate that the Court keep this case open, or withhold granting of a discharge, for the 30 years during which the Debtor will be paying long-term debt, the Debtor should be entitled to a discharge after completion of payments to general unsecured creditors.

WHEREFORE the Debtor prays that the Court enter a final decree and direct the Clerk of the Court to close the case, with leave to reopen the case without payment of a reopening fee for the sole purpose of entering a discharge upon completion of all payments to general unsecured creditors under the confirmed Plan, or otherwise as provided by Section 1141(d)(5).

Respectfully submitted,
Joseph E. Frontzak

By:____/s/ David P. Lloyd_____
One of his attorneys

David P. Lloyd
Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park IL  60462
708-226-2700
Fax:  708-226-9030