UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOSEPH E. FRONTZAK, | ) | No. 08 B 8580 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

### MEMORANDUM OPINION

This chapter 11 case is before the court for ruling on the motion of debtor Joseph E. Frontzak ("Frontzak") to enforce his confirmed plan and for sanctions against Wells Fargo Bank, N.A. ("Wells Fargo Bank") on the ground that Wells Fargo Bank's breach of the plan violates the automatic stay. For the following reasons, Frontzak's motion will be denied.

### 1. Facts

The material facts are taken from the parties' stipulation and from the court's docket. Frontzak filed his chapter 11 case on April 9, 2008. (Stip. ¶ 1). In his Schedule D, Frontzak listed real property located in Naples, Florida. (*Id.* ¶ 2). (Wells Fargo Bank at first contended that the Naples property was Frontzak's principal residence but has since abandoned that contention.) Schedule D showed Wells Fargo Bank as a creditor holding first and second mortgages secured by the Naples property. The address shown for Wells Fargo Bank on Schedule D was "Wells Fargo, P.O. Box 14411, Des Moines, IA 50306-3411." (*Id.*).

In June, Wells Fargo Bank filed a secured proof of claim in the case based on

the second mortgage on the Naples property. The court listed the claim on its claims register as Claim No. 11. The proof of claim for Claim No. 11 gave the following as the address where notices to Wells Fargo Bank should be sent: "Wells Fargo Bank, N.A., P.O. Box 10438 MAC X2303-01M, Des Moines, IA 50306." (Stip. ¶ 5). In August, Wells Fargo Bank filed a secured proof of claim based on the first mortgage on the Naples property. The claim was listed on the claims register as Claim No. 16. The proof of claim for Claim No. 16 listed the address the following as the address where notices should be sent: "Wells Fargo Bank, N.A., Bankruptcy Department, 3476 Stateview Blvd., X7801-014, Ft. Mill, SC 29715." (*Id.* ¶ 6).

In addition to the proofs of claim filed on Wells Fargo Bank's behalf, in June 2008 a Georgia law firm representing Wells Fargo Bank filed a request for service of notices in Frontzak's case. (Stip. ¶ 7).

On November 30, 2008, Frontzak filed his proposed plan and disclosure statement. (Stip. ¶ 9). The plan provided for the treatment of Wells Fargo Bank's claims secured by the Naples property on terms different from the terms of the mortgages that gave rise to those claims. The disclosure statement described the differing treatment. (Stip. ¶ 10).

The following week, the court entered an order and notice for hearing on the plan and disclosure statement (the "December 8 order"), setting the combined hearing for January 12, 2009. (Stip. ¶ 12). In accordance with Bankruptcy Rule 3017(d), the order required Frontzak to mail to creditors and other parties in interest the December 8 order, the plan, the disclosure statement, and a ballot. (*Id.*

¶ 13). On December 11, 2008, Frontzak's counsel mailed these materials to creditors and other parties in interest. (*Id.* ¶ 15).

The December 8 order, plan, and disclosure statement were sent to Wells Fargo at the following address: "Wells Fargo Business Direct, P.O. Box 348750, Sacramento, CA 95834." (Stip. ¶ 15). Frontzak had two credit cards with Wells Fargo, and the Sacramento address was the one Frontzak had listed on his Schedule F in connection with the credit card debt. (*Id.* ¶ 2). Wells Fargo Business Direct is the business credit/commercial credit line division of Wells Fargo and is not involved in mortgage lending or servicing. (*Id.* ¶ 16). The order, plan, and disclosure statement were not sent to Wells Fargo Bank at the addresses shown on Claims Nos. 11 and 16 (or the address shown on Frontzak's Schedule F), nor were they sent to the Georgia law firm. (*Id.* ¶ 20).

The December 8 order set December 31, 2008, as the deadline for written objections to Frontzak's plan and disclosure statement. (Docket No. 53). Wells Fargo Bank filed no objections. On January 12, 2009, the court entered an order approving the disclosure statement and confirming the plan. (Stip. ¶ 20).

Frontzak asserts that since confirmation he has tendered every monthly payment required under the plan for the mortgages on the Naples property, and Wells Fargo Bank has accepted every payment. (Mot. at ¶¶ 4-5). Nevertheless, he says, Wells Fargo Bank continues to bill him for the original payment amount, continues to charge him the original interest rate, continues to assess late charges, and refuses properly to apply his payments to the debt. (*Id.* at ¶¶ 6, 8). Although

these assertions are not addressed in the parties' stipulation, Wells Fargo Bank does not dispute them.

In July 2009, Frontzak filed the motion currently before the court asking to enforce the confirmed plan and sanction Wells Fargo Bank for violating the stay – or more accurately, for violating section 1141(a) of the Code, the provision that makes confirmed plans binding, *see In re Draggoo Elec. Co.*, 57 B.R. 916, 919-20 (Bankr. N.D. Ind. 1986). Wells Fargo Bank opposes the motion on the ground that it did not receive notice of the plan and disclosure statement sufficient under the Bankruptcy Rules or the Constitution. Therefore, Wells Fargo Bank argues, the plan is not in fact binding.

## 2. Discussion

Frontzak's motion must be denied. Wells Fargo Bank did not receive notice in compliance with the Bankruptcy Rules. And under the view of due process expressed in *In re Hanson*, 397 F.3d 482 (7th Cir. 2005), Wells Fargo Bank did not receive constitutionally adequate notice, either.

Frontzak failed to give Wells Fargo Bank notice of his proposed plan and disclosure statement in the manner the Bankruptcy Rules required. Rule 3017(d) requires the debtor in a chapter 11 case to mail the plan and disclosure statement to creditors. Fed. R. Bankr. P. 3017(d). With an exception not relevant here, Rule 2002(b) provides that creditors must also receive at least twenty-five days notice of the time for filing objections and of the date for the hearing on the plan and disclosure statement. Fed. R. Bankr. P. 2002(b). Rule 2002(g)(1) declares that any

notice required to be mailed to a creditor under Rule 2002 must be addressed as the creditor or its authorized agent "has directed in its last request filed" in the case. Fed. R. Bankr. P. 2002(g)(1). Rule 2002(g)(1)(A) elaborates, stating that for purposes of Rule 2002(g)(1) "a proof of claim filed by a creditor . . . that designates a mailing address constitutes a filed request to mail notices to that address." Fed. R. Bankr. P. 2002(g)(1)(A).

Under the rules, it was therefore incumbent on Frontzak to serve the plan and disclosure statement by mailing them to Wells Fargo Bank and serve the December 8 order by sending it to Wells Fargo Bank at the addresses Wells Fargo Bank had listed on Claims No. 11 and 16. It is undisputed that he failed to do so. Not only did Frontzak not send the December 8 order to Wells Fargo Bank at the addresses on its proofs of claims as Rule 2002 required, he did not send the December 8 order, the plan or disclosure statement to Wells Fargo *Bank* at all. The materials were sent only to "Wells Fargo Business Direct," another division of Wells Fargo, at the addresses Frontzak had listed on his Schedule F.

But rule violations alone are not usually dispositive in a case like this. Nothing in the Code or rules makes a confirmed plan any less binding on a creditor when the notice requirements of the rules have not been met. *Cf. In re Arch Wireless, Inc.*, 534 F.3d 76, 82-83 (1st Cir. 2008) (discussing discharge injunction). The real question is whether the creditor received the notice due process required. *Id.* at 83; *see also DePippo v. Kmart Corp.*, 335 B.R. 290, 295 (S.D.N.Y. 2005). Frontzak maintains that despite the rule violations, Wells Fargo had

constitutionally adequate notice of the plan, disclosure statement, and hearing set in the December 8 order. He argues that notice to "Wells Fargo Business Direct," a division of Wells Fargo, was enough to satisfy due process.

Ordinarily, Frontzak's argument would have merit. Notice of a proceeding to be accorded finality is "a fundamental requirement of due process." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). But due process typically does not mandate any specific form or method of notice. It requires only notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*; *see also Dusenbery v. United States*, 534 U.S. 161, 168 (2002). This standard is "fairly low." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1202 (9th Cir. 2008), *cert. granted*, ___ U.S. ___, 129 S. Ct. 2971 (2009). Under it, notice may satisfy due process although it fails to satisfy the procedural dictates of a particular statute or rule. *See First Assembly of God of Naples, Fla., Inc. v. Collier County*, 20 F.3d 419, 422 (11th Cir. 1994) (noting that the violation of a state statue's procedural requirements is not necessarily a due process violation); *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993) (same).

For purposes of due process, moreover, notice to one arm or division of a business entity has frequently been held adequate notice to another arm or division of the same entity. *See, e.g., National Union Fire Ins. Co. of Pittsburgh v. Broadhead*, 155 B.R. 856, 858-59 (S.D.N.Y. 1993); *In re Petroleum Prod. Mgmt. Co.*, 240 B.R. 407, 414-15 (Bankr. D. Kan. 1999) ("A creditor who chooses to operate its

business by dividing its activities into various departments cannot shield itself against notice properly sent to the creditor in its name and at its place of business."); *In re Glenwood Med. Group, Ltd.*, 211 B.R. 282, 285 (Bankr. N.D. Ill. 1997); *In re Drexel Burnham Lambert Group, Ltd.*, 129 B.R. 22, 24 (Bankr. S.D.N.Y. 1991) (finding notice served on branch offices of a "worldwide banking institution" was sufficient because such an institution "bears responsibility for having adequate systems in place to ensure that legal notices and other communications reach the appropriate parts of its business empire"); *In re R.E. Lee & Sons, Inc.*, 95 B.R. 316, 318 (Bankr. M.D. Pa. 1989); *Worthing v. Conn. Nat'l Bank (In re Worthing)*, 24 B.R. 774, 776 (Bankr. D. Conn. 1982). Under these decisions, Frontzak's notice to "Wells Fargo Business Direct," another division of Wells Fargo, was sufficient notice to Wells Fargo Bank and afforded Wells Fargo Bank due process.

The problem for Frontzak is that the Seventh Circuit has recently taken a more stringent view of due process in bankruptcy cases, equating the requirements of due process with the requirements of the Bankruptcy Rules themselves. *See In re Hanson*, 397 F.3d 482, 486-87 (7th Cir. 2005). In *Hanson*, a student loan creditor sought relief from the discharge order entered in a chapter 13 case. The confirmed plan in the case had contained an "undue hardship" finding and purported to discharge the debtor's student loan debt under section 523(a)(8) without the debtor filing an adversary proceeding as the Bankruptcy Rules required. The creditor contended the failure to follow the rules violated its due process rights. And the court agreed, holding: "where the Bankruptcy Code and Bankruptcy Rules require

Case 08-08580    Doc 110    Filed 12/02/09    Entered 12/02/09 14:44:37    Desc Main
Document      Page 8 of 10

a heightened degree of notice, due process entitles a party to receive such notice before an order binding the party will be afforded preclusive effect." *Id.* at 487 (internal quotation omitted); *see also In re Forrest*, 410 B.R. 816, 819 (Bankr. N.D. Ill. 2009) (discussing and applying *Hanson*).

Under *Hanson*, the Bankruptcy Rules set the floor for due process in bankruptcy cases. Because "due process entitles creditors to the heightened notice provided for by the Bankruptcy Code and rules," *Hanson*, 397 F.3d at 486, every violation of a Bankruptcy Rule that entitles a party to more notice than might be required under the *Mullane* standard also violates due process and so warrants relief. Frontzak's failure to give Wells Fargo Bank the heightened notice to which Rules 3017(d) and 2002 entitled it therefore not only violated the rules, it violated Wells Fargo Bank's due process rights. Because Wells Fargo Bank did not receive the process it was due in connection with the confirmation hearing, Frontzak's confirmed plan is not binding on Wells Fargo Bank, and Wells Fargo's post-confirmation treatment of the mortgages of the Naples property does not violate section 1141(a).

Frontzak makes no effort to distinguish *Hanson* from this case (although he was given the opportunity in supplemental briefing), but it may be worth noting there is no principled way to do so. True, *Hanson* involved a specific Code section (section 523(a)(8)), and the court in *Hanson* said that due process entitles creditors to "the heightened notice provided for by the Bankruptcy Code *and* Rules." *Hanson*, 397 F.3d at 486 (emphasis added). But section 523(a)(8) has no notice requirement,

a heightened degree of notice, due process entitles a party to receive such notice before an order binding the party will be afforded preclusive effect." *Id.* at 487 (internal quotation omitted); *see also In re Forrest*, 410 B.R. 816, 819 (Bankr. N.D. Ill. 2009) (discussing and applying *Hanson*).

Under *Hanson*, the Bankruptcy Rules set the floor for due process in bankruptcy cases. Because "due process entitles creditors to the heightened notice provided for by the Bankruptcy Code and rules," *Hanson*, 397 F.3d at 486, every violation of a Bankruptcy Rule that entitles a party to more notice than might be required under the *Mullane* standard also violates due process and so warrants relief. Frontzak's failure to give Wells Fargo Bank the heightened notice to which Rules 3017(d) and 2002 entitled it therefore not only violated the rules, it violated Wells Fargo Bank's due process rights. Because Wells Fargo Bank did not receive the process it was due in connection with the confirmation hearing, Frontzak's confirmed plan is not binding on Wells Fargo Bank, and Wells Fargo's post-confirmation treatment of the mortgages of the Naples property does not violate section 1141(a).

Frontzak makes no effort to distinguish *Hanson* from this case (although he was given the opportunity in supplemental briefing), but it may be worth noting there is no principled way to do so. True, *Hanson* involved a specific Code section (section 523(a)(8)), and the court in *Hanson* said that due process entitles creditors to "the heightened notice provided for by the Bankruptcy Code *and* Rules." *Hanson*, 397 F.3d at 486 (emphasis added). But section 523(a)(8) has no notice requirement,

let alone a heightened one. It was the Bankruptcy Rules, not the Code, that required a particular form of notice to the creditor in *Hanson* before that creditor's claim could be modified: service of a summons and complaint under Rules 4007(d), 7001(6), 7003 and 7004. The same is true here. Rule 3017(d) required Frontzak to mail the plan and disclosure statement to Wells Fargo Bank, Rule 2002(b) required him to mail the December 8 order to Wells Fargo Bank, and Rule 2002(g)(1) specified the address to which these materials had to be mailed. No Code section was involved.

It may also be worth noting there is authority contrary to *Hanson*. In *Espinosa*, the Ninth Circuit disagreed with *Hanson*'s due process holding, stating: "we find it both wrong and dangerous to hold that the standard for what amounts to constitutionally adequate notice can be changed by legislation. . . . Congress can, of course, give rights to additional notice, but we find it difficult to see how this can affect the floor provided by due process – either to increase or diminish it." *Espinosa*, 553 F.3d at 1204. Right or wrong, however, *Hanson* is the law of this circuit and binding until the court of appeals (or the Supreme Court) says otherwise. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (reminding trial judges in the Seventh Circuit that in a hierarchical court system they "must follow the decisions of this court whether or not they agree").

Because Frontzak's notice to Wells Fargo Bank violated the Bankruptcy Rules, under *Hanson* the notice also violated Wells Fargo Bank's due process rights. The confirmed plan is not binding on Wells Fargo Bank, *see In re Westway Ford,*

*Inc.*, 170 B.R. 101, 103 (Bankr. S.D. Tex. 1994), and Frontzak's motion to enforce his confirmed plan and for sanctions will accordingly be denied.

### 3. Conclusion

The motion of debtor Joseph E. Frontzak to enforce the confirmed plan and for sanctions against Wells Fargo Bank, N.A. is denied. A separate order will be entered consistent with this opinion.

Dated:   December 2, 2009

_____
A. Benjamin Goldgar
United States Bankruptcy Judge